IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | |
| v. | § | CASE NUMBER 1:17-CR-1-1-MAC |
| | § | |
| | § | |
| ISAAC MIRELES | § | |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

The Defendant, Isaac Mireles ("Mireles"), filed a *pro se* Motion for Early Termination of Supervised Release on October 28, 2024. (Doc. #47.) Mireles' supervising Probation Officer in the Southern District of Texas is unopposed; however, the Probation Department with the Eastern District of Texas stated that they are opposed to early termination of supervised release. The Government is also opposed to his request. Pursuant to 28 U.S.C. § 636(b), the Local Rules for the United States District Court for the Eastern District of Texas, and a specific referral order (doc. #48), this motion is before the undersigned United States magistrate judge for review and submission of a report with recommended findings of fact and conclusions of law.

**I. BACKGROUND**

On November 2, 2017, Mireles was sentenced for two counts of Retaliation Against a Federal Officer or Employee by False Claim and received 78 months' imprisonment to be served concurrently and 3 years of supervised release for each count to run concurrently with each other. This sentence was to be served consecutively to the sentence imposed in case number 1:13-CR-55-13 (for which he received 57 months' imprisonment) except that the supervised release terms of each case may run concurrently. (Doc. #44.) Special conditions were also imposed, including drug testing and treatment, financial disclosure, prohibition against communicating with any

officer or employee of the Unites States regarding liens, contracts, or debts, and $100 special assessment fee for each case. On October 20, 2023, Mireles began his term of supervised release in the Southern District of Texas.

In his motion, Mireles asks the court to terminate his supervision after serving a little over a year of his supervision term. (Doc. #47.) Mireles does not state any reasons for this early termination. (*Id.*) His probation officer in the Southern District of Texas stated that he has no new arrests, has maintained employment, and there is no evidence of illicit drug use while under supervision.

## II. DISCUSSION

A court may, after considering the factors set forth in section 3553[1], terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice. 18 U.S.C. § 3583(e)(1).

District courts enjoy considerable discretion in determining when the interest of justice warrants early termination. *United States v. Tacker*, 672 F. App'x 470, 471 (5th Cir. 2017); *United States v. Jeanes*, 150 F.3d 483, 484-85 (5th Cir. 1998); *United States v. Lynn*, No. S90- 00053(P), 2022 WL 2446328, at *3 (S.D. Miss. May 31, 2022). Compliance with the terms of supervised release and with the law alone is not enough to merit early termination because such conduct is

---

[1] Section 3553(a) directs courts to consider: the nature and circumstances of the offense and the defendant's history and characteristics; the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; the need to deter criminal conduct; the need to protect the public; the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; the kinds of sentences and sentencing ranges established for defendants with similar characteristics under applicable Sentencing Commission guidelines and policy statements; any pertinent policy statement of the Sentencing Commission in effect on the date of sentencing; the need to avoid unwarranted disparities among similar defendants; and the need to provide restitution to the victim. 18 U.S.C. § 3553(a).

expected and required.  *United States v. Seymore*, No. CR07-358, 2023 WL 3976200, at *1 (E.D. La. June 13, 2023) ("[C]ourts have generally held that something more than compliance with the terms of [supervised release] is required to justify an early termination . . . ." (quoting *United States v. Smith*, No. 10-cr-53-DPJ-FKB, 2014 WL 68796, at *1 (S.D. Miss. Jan. 8, 2014)); *United States v. Pittman*, No. 3:15-CR-221-O(1), 2020 WL 6564724, at *2 (N.D. Tex. Nov. 9, 2020) (finding that the conduct of the defendant did not warrant early termination of supervised release, as the defendant sought relief based on his circumstances and the alleged conduct of others) (citing 18 U.S.C. § 3583(e)(1)).  There must be a showing of "exceptional circumstances to justify the court's exercise of its discretion to terminate his supervised release early or any circumstances that render his term or conditions of release either too harsh or inappropriately tailored to serve Section 3553(a)'s goals."  *United States v. Hartman*, No. 3:00-CR-228-B, 2013 WL 524257, at *3 (N.D. Tex. Jan. 18, 2013), *R. & R. adopted*, 2013 WL 540490 (N.D. Tex. Feb. 13, 2013); *see also United States v. Guidry*, No. 3:19-CR-332-S, 2020 WL 908542, at *1 (N.D. Tex. Feb. 13, 2020) ("Caselaw is also consistent in that early termination is discretionary and is warranted only in cases where the defendant shows changed circumstances, such as exceptionally good behavior.") (quoting *United States v. Jones*, No. V-11-21, 2013 WL 2417927, at *1 (S.D. Tex. June 4, 2013), *R. & R. adopted*, 2020 WL 906303 (N.D. Tex. Feb. 25, 2020)).

Although it appears that Mireles has been compliant while on supervised release, the court agrees with probation and the government that his compliance merely demonstrates that he is fulfilling the baseline expectation for anyone on supervised release.  Both Probation and the Government note that continuing the supervision term would be in the best interest of the community.

Mireles' commission of these retaliation crimes occurred while he was serving his sentence of imprisonment in case number 1:13-CR-55-13 for Conspiracy to Possess with Intent to Distribute Cocaine HCL and Conspiracy to Possess with Intent to District Marijuana. Mireles devised a scheme to retaliate against the United States Attorney for the Eastern District of Texas who prosecuted the case against him in case number 1:13-CR-55-13. He filed documents with the county clerks in Brazoria County and Harris County, Texas, seeking forfeiture of $5,000,000 from the United States Attorney in remuneration for interfering in the Defendant's commercial affairs. (Doc. #41, at 3.) Mireles pled not guilty and proceeded to trial in this case. (*Id.* at 5.) Further, Mireles' criminal history indicates that in addition to the drug crimes in his other federal case, he also was convicted of carrying a switch blade knife, battery for beating a victim, and criminal damage for damaging the victim's car. (*Id.* at 6.) He also has numerous other arrests involving firearms, disorderly conduct, aggravated battery with a firearm, and criminal trespass. (*Id.* at 8.)

While Mireles' compliance to date should be commended, continuing him on supervision would provide him the best opportunity for success. Requiring Mireles to continue on supervised release will ensure that he continues his substance abuse treatment. It also safeguards against the reoccurrence of criminal activity and protects the community. Generally, early termination of supervised release is not granted unless there are serious medical concerns, substantial limitations on employment, or extraordinary post-release accomplishments that would warrant such a release. *See United States v. Andrews*, No. 3:15-CR-2-CWR-LRA-1, 2022 WL 21295450, at *3 (S.D. Miss. Feb. 11, 2022); *United States v. Pittman,* No. 3:15-CR-221-O(1), 2020 WL 6564724, at *2 (N.D. Tex. Nov. 9, 2020). Although Mireles appears to be on the right path, the court believes that additional time on supervised release appropriately reflects the seriousness of his offense, deters future criminal conduct, and provides the needed structure for his continued rehabilitation.

### III. RECOMMENDATION

Accordingly, for the reasons stated herein, the Defendant's motion (doc. #47) should be DENIED.

### IV. OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(C), each party to this action has the right to file objections to this Report and Recommendation. Objections to this Report must (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, (3) be served and filed within fourteen (14) days after being served with a copy of this Report, and (4) be no more than eight (8) pages in length. *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CRIM. P. 59(b)(2); E.D. TEX. CRIM. R. CR-59(c). A party who objects to this Report is entitled to a *de novo* determination by the United States district judge of those proposed findings and recommendations to which a specific objection is timely made. 28 U.S.C. § 636(b)(1)(C); FED. R. CRIM. P. 59(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to *de novo* review by the United States district judge of the findings of fact and conclusions of law, *see Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States district judge, *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

**SIGNED this the 10th day of January, 2025.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE